**CONNELL FOLEY LLP**
1085 Raymond Boulevard, Nineteenth Floor
Newark, NJ 07102
Telephone: 973.436.5800
Attorneys for Defendants, Western Express, Inc., Kamaljit K. Momi, and New Horizons Leasing, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN MARIN, CARLOS A. GARCIA-MARTINEZ, and DOMINGO MIGUEL GONZALEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTERN EXPRESS, INC., KAMALJIT K. MOMI, NEW HORIZONS LEASING, INC., LIBERTY MUTUAL INSURANCE COMPANY, RYDER TRUCK RENTAL, INC., JOHN and JANE DOES 1-10 (fictitious unidentified individuals) AND ABC CORPORATIONS 1-10 (fictitious individuals, corporations or other business entities presently unknown),<br><br>Defendants. | CIVIL ACTION NO._____<br><br>**(HONORABLE _____)** |

## NOTICE OF REMOVAL

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF NEW JERSEY

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1446, defendants, Western Express, Inc. ("Western Express"), a Tennessee corporation, with its principal offices in Nashville, Tennessee, Kamaljit J. Momi ("Momi"), a citizen of the State of Connecticut, and New Horizons Leasing, Inc. ("New Horizons"), an Iowa corporation, with its principal offices in Nashville, Tennessee (collectively "Defendants"), through their counsel, Connell Foley LLP,

hereby remove to this Court the above styled action, pending as Case No. ESX-L-6331-20 in the Superior Court of New Jersey, Essex County, Law Division.   Defendants believe that all of plaintiffs' claims are without merit, and will dispute them at the appropriate time, but for purposes of removal state as follows:

1.     Defendants desire to exercise their right under the provisions of 28 U.S.C. § 1441 to remove this action from the Superior Court of New Jersey, Law Division, Essex County, where the case is now pending under the name and style, Ivan Marin, et al. v. Western Express, Inc., et al., bearing Docket No. ESX-L-6331-20.

2.     In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint filed by plaintiffs on or about September 23, 2020, in the Superior Court of New Jersey, Essex County, is attached hereto as Exhibit A.

3.     Western Express was served with a copy of the Summons and Complaint on October 5, 2020.

4.     To date, service of the Summons and Complaint have not been effectuated upon Momi.

5.     New Horizons was served with a copy of the Summons and Complaint on October 7, 2020.

6.     Upon information and belief, defendant Liberty Mutual Insurance Company has not been served with the Summons and Complaint.

7.     Upon information and belief, defendant Ryder Truck Rental, Inc., has not been served with the Summons and Complaint.

8.     A copy of Defendants' Answer to the Complaint, also filed separately, is attached hereto as Exhibit B.

9.     This action is removable to this Court by Defendants, pursuant to 28 U.S.C. §1441(a).  A defendant seeking to remove a case to federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 553 (2014) (noting that 28 U.S.C. § 1446(a) by design tracks the "short and plain statement" pleading requirement of Fed. R. Civ. P. 8(a).) Accordingly, courts should apply the same liberal rules to removal applications that are applied to other matters of pleading. Id.

10.     This action is one over which the Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 because it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

11.     Complete diversity of citizenship exists between plaintiff and Defendants.

12.     Plaintiff, Ivan Marin, is, upon information and belief, a citizen of the State of New Jersey, residing in Paterson, New Jersey. (See Plaintiffs' Complaint, at Introductory Paragraph).

13.     Plaintiff, Carlos A. Garcia-Martinez, is, upon information and belief, a citizen of the State of New Jersey, residing in Paterson, New Jersey. (See Plaintiffs' Complaint, at Introductory Paragraph).

14.     Plaintiff, Domingo Gonzalez, is, upon information and belief, a citizen of the State of New Jersey, residing in Paterson, New Jersey. (See Plaintiffs' Complaint, at Introductory Paragraph).

15.     For purposes of diversity jurisdiction, a corporation is considered a citizen of the state in which it is incorporated and the state in which it maintains its principal place of business.

28 U.S.C. § 1332(c)(1).   Western Express is, and was at the time of filing, a corporation incorporated under the laws of the state of Tennessee, with its principal place of business in Nashville, Tennessee.   Thus, Western Express is a citizen of Tennessee.   Likewise, New Horizons is, and was at the time of filing, a corporation incorporated under the laws of the state of Iowa, with its principal place of business in Nashville, Tennessee.   Thus, New Horizons is a citizen of Iowa and Tennessee.

16.   At the time this action was commenced, defendant, Liberty Mutual Insurance Company, upon information and belief, was and still is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.   Thus, upon information and belief, Liberty Mutual Insurance Company is a citizen of Massachusetts.

17.   At the time this action was commenced, defendant, Ryder Truck Rental, Inc., upon information and belief, was and still is a Florida corporation with its principal place of business in Miami, Florida.   Thus, upon information and belief, Ryder Truck Rental, Inc., is a citizen of Florida.

18.   Momi is, and was at the time of filing, a citizen of the State of Connecticut, residing in Vernon, Connecticut.

19.   Plaintiffs' allegations against various unnamed defendants do not affect the fact that there is complete diversity in this case. "[T]he citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441 (b)(1); see also Joshi v. K-Mart Corp., No. CIV.A. 06-5448(JLL), 2007 WL 2814599, at * 2 (D.N.J. Sept. 25, 2007) (holding that unnamed defendants did not defeat complete diversity requirement of 28 U.S.C. § 1332).

20.     As required by 28 U.S.C. § 1332(a)(1) and 1441(b)(2), complete diversity exists because no defendant properly served is a citizen of the same state as the plaintiffs. Accordingly, there is diversity of citizenship between the parties.

21.     Upon information and belief, defendants Liberty Mutual Insurance Company and Ryder Truck Rental, Inc., have not yet been served in this matter. As such, their consent is not needed for removal. 28 U.S.C. § 1446(b)(2)(A).

22.     Furthermore, the amount in controversy exceeds $75,000.00.

23      Plaintiffs' Complaint alleges that as a result of the accident at issue, all three plaintiffs "suffered severe and permanent injuries necessitating multiple surgeries resulting in extensive scarring and requiring extended medical treatment, suffered and in the future will suffer great pain and distress, were and will be required to curtail their usual activities and pursuits, have and will incur lost wages and medical expenses." (See Plaintiffs' Complaint at First Count, ¶ 6).

24.     Defendants, therefore, present a good faith application to the Court that plaintiffs' Complaint seeks damages in excess of the amount in controversy requirement of $75,000.00 in accordance with 28 U.S.C. § 1332.

25.     The within Notice of Removal is hereby filed within thirty (30) days of Defendants' receipt of plaintiffs' Complaint, and within one year after the commencement of the action. See 28 U.S.C. § 1446(b)(3) and (c)(1).

**WHEREFORE**, defendants, Western Express, Inc., Kamaljit K. Momi, and New Horizons Leasing, Inc., request that the above action now pending in the Superior Court of New Jersey, Hudson County, be removed to this Court pursuant to 28 U.S.C. § 1441(a), (b) and (c).

**CONNELL FOLEY LLP**
Attorneys for Defendants,
Western Express, Inc., Kamaljit K. Momi, and New
Horizons Leasing, Inc.

By: _____
        Matthew W. Bauer

Dated:  November 4, 2020


## LOCAL CIVIL RULE 11.2

I, Matthew W. Bauer, hereby certify pursuant to Local Civil Rule 11.2, that the above-captioned matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

**CONNELL FOLEY LLP**
Attorneys for Defendants,
Western Express, Inc., Kamaljit K. Momi, and New
Horizons Leasing, Inc.

By: _____
        Matthew W. Bauer

Dated:  November 4, 2020

# EXHIBIT A

MICHAEL A. GALLARDO, ESQ. - 003182001
GINARTE, GALLARDO,
GONZALEZ & WINOGRAD, L.L.P.
400 MARKET STREET
NEWARK, NEW JERSEY 07105
(973) 854-8400
OUR FILE NOS.: 259880, 259882 AND 259886
ATTORNEYS FOR PLAINTIFFS, IVAN MARIN, CARLOS A. GARCIA-MARTINEZ AND DOMINGO MIGUEL GONZALEZ

| | |
|---|---|
| IVAN MARIN, CARLOS A. GARCIA-MARTINEZ and DOMINGO MIGUEL GONZALEZ | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION: ESSEX COUNTY |
|     Plaintiffs, | :<br>: |
| vs. | : DOCKET NO.: ESX-L-6331-20 |
| WESTERN EXPRESS, INC., KAMALJIT K. MOMI, NEW HORIZONS LEASING, INC., LIBERTY MUTUAL INSURANCE COMPANY, RYDER TRUCK RENTAL, INC., JOHN and JANE DOES 1-10 (fictitious unidentified individuals) AND ABC CORPORATIONS 1-10, (fictitious individuals, corporations or other business entities presently unidentifiable) | :        **CIVIL ACTION**<br>:<br>:        **SUMMONS**<br>:<br>:<br>:<br>:<br>: |
|     Defendants. | : |

THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT(S):

### WESTERN EXPRESS, INC.,

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summon, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one for foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appears above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services available in the Civil Division Management office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

DATED: September 28, 2020

                                _s_ _Michelle M. Smith_
                                Michelle M. Smith, Superior Court Clerk

Name of defendant to be served:   **Western Express Inc.**
Address to be served:            **7135 Centennial Place**
                             **Nashville, TN 37209**

*$175.00 FOR LAW DIVISION CASES

# DEPUTY CLERKS' ADDRESSES

Atlantic County, 1201 Bacharach Blvd., Atlantic City, NJ 08830
Bergen County Justice Center, 10 Main St., Hackensack, NJ 07601
Burlington County Courts Facility, 49 Rancocas Rd., Mt. Holly, NJ 08060
Camden County Hall of Justice, 101 S. 5th St., Camden, NJ 08103-4001
Cape May County Cthse., Main St., Cape May Court House, NJ 08210
Cumberland County Court House, Broad & Fayette St., Bridgeton, NJ 08302
Essex County Cty. Cts. Bldg., 50 W. Market St., Newark, NJ 07102
Gloucester County Court House, 1 N. Broad St., Woodbury, NJ 08096
Hudson County Admin. Bldg., 595 Newark Ave., Jersey City, NJ 07306
Hunterdon County Court House, Main Street, Flemington, NJ 08822
Mercer County Court House, P.O. Box 8068, Trenton, NJ 08650-0068
Middlesex County Court House, 1 Kennedy Sq., New Brunswick, NJ 08903
Monmouth County Court House, 71 Monument Park, Freehold, NJ 07728
Morris County Court House, P.O. Box 900, Morristown, NJ 07963-0900
Ocean County Court House, 118 Washington St., Toms River, NJ 08754
Passaic County Court House, 77 Hamilton St., Paterson, NJ 07505-2017
Salem County Court House, 92 Market St., Salem, NJ 08079
Somerset County Court House, P.O. Box 3000, Somerville, NJ 08876-1262
Sussex County Court House, 43-47 High St., Newton, NJ 07860
Union County Court House, 2 Broad St., Elizabeth, NJ 07207
Warren County Courthouse, 2nd & Hardwick St., Belvidere, NJ 07823

|                   | LEGAL AID OFFICES | LEGAL SERVICES OFFICES      |
| ----------------- | ----------------- | --------------------------- |
| Atlantic County   | (609) 348-4200    | (609) 345-3444              |
| Bergen County     | (201) 487-2166    | (201) 488-0044 or 692-1011  |
| Burlington County | (609) 261-1088    | (609) 261-4862              |
| Camden County     | (609) 964-1002    | (609) 964-4520              |
| Cape May County   | (609) 465-3001    | (609) 463-0313              |
| Cumberland County | (609) 692-2400    | (609) 692-6207              |
| Essex County      | (973) 622-1514    | (973) 622-6207              |
| Gloucester County | (609) 848-5360    | (609) 848-4589              |
| Hudson County     | (201) 792-6363    | (201) 798-2727              |
| Hunterdon County  | (908) 782-7979    | (908) 735-2611              |
| Mercer County     | (609) 695-6249    | (609) 890-6200              |
| Middlesex County  | (609) 249-7600    | (609) 828-0053              |
| Monmouth County   | (908) 747-7400    | (908) 431-5544              |
| Morris County     | (201) 285-6911    | (201) 267-5882              |
| Ocean County      | (908) 341-2727    | (908) 240-3666              |
| Passaic County    | (201) 345-7171    | (201) 278-9223              |
| Salem County      | (609) 451-0003    | (908) 678-8363              |
| Somerset County   | (908) 231-0840    | (908) 685-2323              |
| Sussex County     | (201) 383-7400    | (201) 267-5882              |
| Union County      | (908) 527-4769    | (908) 353-4715              |
| Warren County     | (908) 475-2010    | (908) 267-5882              |

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK        NJ 07102                        TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:    SEPTEMBER 23, 2020
                        RE:      MARIN IVAN  VS WESTERN EXPRESS, INC .
                        DOCKET:  ESX L -006331 20

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES W. DONOHUE

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      003
AT:  (973) 776-9300.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:

                        ATT: MICHAEL A. GALLARDO
                        GINARTE GALLARDO GONZALEZ WINO
                        400 MARKET ST
                        NEWARK          NJ 07105


ECOURTS

MICHAEL A. GALLARDO, ESQ. - 003182001
GINARTE, GALLARDO,
GONZALEZ & WINOGRAD, L.L.P.
400 MARKET STREET
NEWARK, NEW JERSEY 07105
(973)854-8400
OUR FILE NO.S: 259880, 259882 AND 259886
ATTORNEYS FOR PLAINTIFFS, IVAN MARIN, CARLOS A. GARCIA-MARTINEZ AND
DOMINGO MIGUEL GONZALEZ

| | |
|---|---|
| IVAN MARIN, CARLOS A. GARCIA-MARTINEZ and DOMINGO MIGUEL GONZALEZ | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY |
| Plaintiffs, | DOCKET NO.: ESX-L- |
| vs. | CIVIL ACTION |
| WESTERN EXPRESS, INC., KAMALJIT K. MOMI, NEW HORIZONS LEASING, INC., LIBERTY MUTUAL INSURANCE COMPANY, RYDER TRUCK RENTAL, INC., JOHN and JANE DOES 1-10 (fictitious unidentified individuals) AND ABC CORPORATIONS 1-10, (fictitious individuals, corporations or other business entities presently unidentifiable) | COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL AND DISCOVERY REQUESTS UPON DEFENDANTS |
| Defendants. | |

Plaintiff, Ivan Marin, residing at 71 Mercer Street, in the City of Paterson, County of Passaic and State of New Jersey and Plaintiff, Carlos A. Garcia Martinez, residing at 43 Madison Street, in the City of Paterson, County of Passaic and State of New Jersey and Plaintiff, Domingo Miguel Gonzalez, residing at 57 Martin Street, in the City of Paterson, County of Passaic and State of New Jersey by way of Complaint against the defendants say:

1

## VENUE

The defendant, Western Express, Inc., a large tier industry truckload carrier with terminals, facilities and employees throughout the United States, transacts business throughout the State of New Jersey including the County of Essex.

The defendant, New Horizons Leasing, Inc., is part of the Commercial and Industrial Equipment Rental & Leasing Industry, does business throughout the State of New Jersey, including the County of Essex.

The defendant, Liberty Mutual Insurance Company, does business throughout the State of New Jersey, including the County of Essex with an office location at 7 Becker Farm Road, Roseland, New Jersey.

The defendant, Ryder Truck Rental, Inc. and/or its yet to be identified insurance carrier, does business throughout the State of New Jersey, including the County of Essex with an office location at 474 Wilson Avenue, Newark, New Jersey.

## FIRST COUNT

1. On or about January 28, 2020, plaintiff, Ivan Marin, was a passenger and plaintiff, Domingo Miguel Gonzalez, was a passenger and plaintiff, Carlos A. Garcia Martinez, was the driver of a motor vehicle proceeding on Probasco Road at its intersection with Route 33, in the Town of East Windsor, County of Mercer and State of New Jersey with the right of way.

2. On the same date, the Defendant, Kamaljit K. Momi, was the operator and defendants, Western Express, Inc. and New Horizons Leasing, Inc., who both do business throughout the State of New Jersey including the County of Essex, were the

owners of a tractor trailer traveling on at the same location in the Town of East Windsor, County of Mercer and State of New Jersey that was negligent and careless by running a red light and thus, forcefully struck plaintiffs motor vehicle.

3. On the same date, the Defendant, Liberty Mutual Insurance Company, who does business throughout the State of New Jersey including the County of Essex, was responsible for paying medical bills for services rendered to plaintiffs stemming from the accident but has failed to pay all outstanding medical bills for past and ongoing medical treatment including accident related surgeries.

4. On the same date, the Defendant, Ryder Truck Rental, Inc., who does business throughout the State of New Jersey including the County of Essex, owned the vehicle occupied by the plaintiffs and would be responsible for providing Under-Insured Motorist (UIM) benefits to the plaintiffs due to the negligence of the defendants, Western Express, Inc., New Horizons Leasing, Inc. and Kamaljit K. Momi, who have unknown bodily injury (BI) limits.

5. On the above mentioned date and the above mentioned place, Defendants, owned, maintained, entrusted,  inspected and/or operated their motor vehicles in such a careless, reckless and negligent manner as to cause their motor vehicle to forcefully strike the motor vehicle occupied by the plaintiffs.

6. As a direct and proximate result of the aforesaid negligence of the Defendants, the plaintiffs, Ivan Marin, Carlos A. Garcia Martinez and Domingo Miguel Gonzalez, suffered severe and permanent injuries necessitating multiple surgeries resulting in extensive scarring and requiring extended medical treatment, suffered and in the

future will suffer great pain and distress, were and will be required to curtail their usual activities and pursuits, have and will incur lost wages and medical expenses.

7. This action is not barred by N.J.S.A. 39:6A-1, et seq.

**WHEREFORE**, Plaintiffs, Ivan Marin, Carlos A. Garcia Martinez and Domingo Miguel Gonzalez, demand judgment against all of the Defendants for damages, interest and costs of this action.

## SECOND COUNT

1. Plaintiffs repeat and re-allege the allegations of the prior Count as though set forth at length herein.

2. Defendants, John and Jane Does 1-10 and ABC Corporations 1-10, are heretofore unidentified individuals and business entities named herein for the express purpose of tolling the applicable statute of limitations.

3. On the same date, Defendants, and each of them, so carelessly, recklessly and negligently caused a motor vehicle to strike the Plaintiffs.

4. As a direct and proximate result of the negligence of the Defendants, the Plaintiffs, Ivan Marin, Carlos A. Garcia Martinez and Domingo Miguel Gonzalez, suffered severe and permanent injuries, suffered and in the future will suffer great pain and distress, were and will be required to curtail their usual activities and pursuits, have and will incur lost wages and medical expenses.

5. This action is not barred by N.J. Stat. 39:6A-1, et seq.

**WHEREFORE**, Plaintiffs, Ivan Marin, Carlos A. Garcia Martinez and Domingo Miguel Gonzalez, demand judgment against the Defendants for damages, interest and costs of this action.

4

## THIRD COUNT

1.  Plaintiffs repeat and reallege the allegations of the prior Counts as if set forth herein at length.

2.  At the time of the aforesaid accident, plaintiffs were not the owner of an automobile but are entitled to receive benefits under a policy issued by Liberty Mutual Insurance Company, who does business throughout the State of New Jersey including the County of Essex for payment of medical bills incurred.

3.  As a direct and proximate result of the accident, plaintiffs incurred medical expenses for reasonable and necessary costs of their medical care and treatment.

4.  Plaintiffs have demanded that defendant, Liberty Mutual Insurance Company, pay the outstanding medical bills incurred to date for services rendered to the plaintiffs relating to their injuries sustained in the accident as aforesaid and medical bills which may be incurred for treatment, necessitated by the injuries sustained by the plaintiffs as a result of this accident together with interests, costs of suit and reasonable attorney's fees.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants for damages, interest and costs of this action.

## FOURTH COUNT

1.  Plaintiffs repeat and reallege the allegations of the prior Counts as though set forth at length herein.

2.  On the date of accident, plaintiffs were driver and passengers of a vehicle owned by Defendant Ryder Truck Rental, Inc. and insured by ABC Corps 1-10, providing

under-insured motorist (UIM) coverage.  All premiums were paid in full and all obligations were performed under the insurance contract allowing for UIM benefits for the plaintiffs, who were covered under the policy and had no household coverage.

3.  Because the plaintiffs have suffered serious injuries in this incident and because defendants have unknown insurance policy limits, there is a possibility that a judgment may be issued that exceeds the policy limits of the defendants. Therefore, Defendant Ryder Truck Rental, Inc. and ABC Corps. 1-10, its insurer, are being named in this suit for potential UIM claims.

WHEREFORE, plaintiffs demand judgment against the Defendants, for UIM benefits, damages, interest, attorneys fees and costs of this action.

### JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable.

GINARTE, GALLARDO,
GONZALEZ & WINOGRAD, L.L.P.
Attorneys for Plaintiffs, Ivan Marin, Carlos A. Garcia
Martinez and Domingo Miguel Gonzalez

BY: _Michael Gallardo_
MICHAEL A. GALLARDO, ESQ.

DATED: September 23, 2020

6

## CERTIFICATION

I hereby certify that the within action is not the subject of any other action or arbitration proceeding nor is any contemplated.

GINARTE, GALLARDO,
GONZALEZ & WINOGRAD, L.L.P.
Attorneys for Plaintiffs, Ivan Marin, Carlos A. Garcia
Martinez and Domingo Miguel Gonzalez


BY: *Michael Gallardo*
MICHAEL A. GALLARDO, ESQ.

DATED: September 23, 2020

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, the firm of Ginarte, Gallardo, Gonzalez & Winograd, L.L.P. attorneys for Plaintiffs, Ivan Marin, Carlos A. Garcia Martinez and Domingo Miguel Gonzalez, hereby appoint MICHAEL A. GALLARDO, Esq. as trial counsel.

GINARTE, GALLARDO,
GONZALEZ & WINOGRAD, L.L.P.
Attorneys for Plaintiffs, Ivan Marin, Carlos A. Garcia
Martinez and Domingo Miguel Gonzalez


BY: *Michael Gallardo*
MICHAEL A. GALLARDO, ESQ.

DATED: September 23, 2020

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to Rule 4:17-1 et seq., plaintiff hereby demands that all defendants provide answers to Form C and C-1 interrogatories.

## DEMAND FOR ANSWERS TO SUPPLEMENTAL INTERROGATORIES

Pursuant to Rule 4:17-1 et seq., plaintiff hereby demands that all defendants provide answers to the following supplemental interrogatories.

1. State where you were coming from immediately prior to the incident and what was your intended destination.

2. State whether you observed the plaintiffs or their vehicle prior to the collision. If yes, state the approximate speed of each vehicle/person; where you were at the time you first observed the other vehicle/person; the distance between you and the other vehicle/person at the first moment you observed the other vehicle/person; and the amount of time that passed from the time of your first observation to the time of the impact.

3. State whether you had ever been in the area of the incident prior to the date referenced above, and if so, state when was the last time you were in the area and the frequency with which you were in the area in the past.

4. State whether you had consumed any alcohol in the twelve hours prior to accident and if so, identify establishment where alcohol had been consumed.

5. State whether you had a red light prior to entering the intersection.

6. State whether there was a traffic control light on the road you were traveling on prior

8

to entering intersection.

7.   State the disposition of the Careless Driving summons (39:4-97) issued to Defendant

Kamaljit K. Momi at the scene of accident and if a guilty plea was entered whether

an appearance was made in Court at the time of disposition.

## DEMAND FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 4:18-1, et seq., plaintiff hereby demands that all defendants provide the

following documents:

1.   Any and all statements or reports made by any person or governmental entity

concerning this civil action or its subject matter.

2.   Copies of any and all photographs in your possession of the vehicles, the location,

or the parties involved in this accident.

3.   Copies of any and all repairs estimates of the vehicles involved in this accident.

4.   Copies of any claims information bureau or other insurance claims searches or other

documents referencing any prior or subsequent injuries and/or claims by the

plaintiffs.

5.   Copies of any statements made by any person with regard to the happening of the

collision or having to do with the subject matter of this action.

6.   Copies of any and all expert reports, reports of diagnostic tests, hospital and medical

records, X-rays, CAT scan films, MRI films and any other films and bills relating to

any condition or injury sustained by the plaintiffs.

7.   Copies of all written reports or summaries of oral reports of all expert or treating or

examining physicians along with their curriculum vitae.

8.  Copies of any and all books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations or other published documents referred to, utilized by or relied upon by any expert witness whom plaintiff/defendant intends to call at the time of trial.

9.  Copies of any and all documents, reports, correspondence, blue prints, charts, diagrams, drawings, graphs, maps, plats, plans, photographs, models or other visual reproductions of any object, place or thing prepared or utilized by, referred to ro relied upon by any expert witnesses, whether or not you intend on calling them at the time of trial.

10. Copies of any and all photographs, diagrams, charts, drawings, maps, plans or models or other visual reproductions of any object, place or thing related to this litigation.

11. All documents, tangible evidence or other items relevant to the incident set forth in the plaintiffs Complaint.

12. All deeds, leases, contracts, invoices, maintenance agreements, or records pertaining to any person, vehicle, or premises identified in the plaintiff's complaint.

13. Copies of any documents provided to drivers as part of their training or orientation.

14. If you are not supplying any statement, report, medical record or other item requested herein, identify the item; indicate who has possession of the item; specify their address and state the reason why the items are not being provided.

15. Copies of Letter of Disposition from municipal court for summonses issued at the scene of accident to defendant.

16. Copies of Bills of lading for any shipments transported by your driver, Kamaljit K.

Momi, for the day of the collision.

17.    Any oversized permits or other applicable permits or licenses covering the vehicle or load on the day of the collision.

18.    Your driver's daily logs (for Kamaljit K. Momi) for the day of the collision, and the six-month period proceeding the collision, together with all material required by 49 C.F.R. § 395.8 and 395.15 for the driver involved in the above matter. This specifically includes EOBR's (Electric On Board Recorders), AOBRD (Automatic On Board Recording Device), and similar electronic records, wherever stored, together with appropriate audit trails. We require you to put any vendor which hosts or stores this data for you on notice of the need to preserve this data.

19.    All existing driver vehicle inspection reports required under 49 C.F.R. 396.11 for the vehicle involved in the above collision.

20.    All existing daily inspection reports for the tractor and trailer involved in this collision.

21.    All existing maintenance, inspection, and repair records or work orders on the tractor and trailer involved in the above collision.

22.    All annual inspection reports for the tractor and trailer involved in the above collision, covering the date of collision.

23.    Kamaljit K. Momi's complete driver qualification files as required by 49 C.F.R. 391.51 and 393.53, including but not limited to:

     (a) Application for employment

     (b) CDL license

(c) Driver's certification of prior traffic violations

(d) Driver's certification of prior collisions

(e) Driver's employment history

(f) Inquiry into driver's employment history

(g) Pre-employment MVR

(h) Annual MVR

(i) Annual review of driver history

(j) Certification of road test

(k) Medical Examiner's certificate

(l) Drug testing records

(m) HAZMAT or other training documents

24.   Photographs, video, computer generated media, or other recordings of the interior and exterior of the vehicles involved in this collision, the collision scene, the occurrence, or relating to any equipment or things originally located at or near the site of the occurrence. This specifically includes anything from DriveCam or similar systems. We require you to put any vendor which hosts or stores this data for you on notice of the need to preserve this data.

25.   The driver's post-collision alcohol and drug testing results.

26.   Any lease contracts or agreements covering Kamaljit K. Momi or the tractor or trailer involved in this collision.

27.   Any interchange agreements regarding the tractor or the trailer involved in this collision.

28.   Any data and printouts from on-board electronic devices, including but not limited to any

information contained in ECMs (electronic control module), EDRs (Event Data Recorder), lane departure systems, ABS, air bag, adaptive cruise control, anti-rollover system, and any on-board computer, tachograph, trip monitor, trip recorder, trip master or other recording or electronic device of any type, for the day of the collision and the six (6) month period proceeding the collision, wherever it may be stored, to specifically include any similar information generated by the equipment involved in the collision and sent elsewhere whether by satellite, wireless, or other means. We require you to put any vendor which hosts or stores this data for you on notice of the need to preserve this data.

29.     Any maintenance, inspection, or repair records, data, or invoices in regards to the tractor and trailer involved in the above collision, to specifically include any electronic material for the day of the collision and six months prior to the collision, and all post accident information related to the collision.

30.     Any weight tickets, fuel receipts, hotel bills, tolls, or other records of expenses, regardless of type, regarding the driver Kamaljit K. Momi, or the tractor or trailer involved in this collision for the day of the collision and the thirty (30) day period preceding the collision.

31.     Any trip reports, dispatch records, trip envelopes regarding the driver or the tractor or trailer involved in this collision for the day of the collision and the thirty (30) period preceding this collision.

32.     Any e-mails, electronic messages, letters, memos, or other documents concerning this collision. We require you to put any vendor which hosts or stores this data for you on notice of the need to preserve this data.

33.     The accident register maintained by defendants as required by federal law for one (1) year

13

period preceding this collision.

34. Any drivers' manuals, guidelines, rules or regulations given to the drivers such as the one involved in this collision in effect from the date of the drivers hire to the date of the collision.

35. Any reports, memos, notes, logs or other documents evidencing complaints about the driver in the above collision.

36. Any DOT or PSC reports, memos, notes or correspondence concerning the driver or the tractor or trailer involved in this collision.

37. The pre-trip inspection report completed by the driver for the trip involved in the collision.

38. All OmniTRAC, Qualcomm, MVPc, QTRACS, OmniExpress, TruckMail, TrailerTRACS, SensorTRACS, JTRACS, and other similar systems data for the six (6) months prior to the collision for this driver and truck wherever stored. You are hereby notified that you are required to place your supplier of the above system, as your agent, on notice that they are to save this data.

39. All settlement sheets and expense sheets for Kamaljit K. Momi pertaining to trips taken for the day of the collision and thirty (30) days prior to the collision.

40. Cargo pickup or delivery orders prepared by motor carriers, brokers, shippers, receivers, driver, or other persons, or organizations for thirty (30) days prior to the date of the collision as well as the day of the collision.

41. Accounting records, cargo transportation bills and subsequent payments or other records indicating billings for transportation or subsequent payment for the transportation of cargo, with both the front and back of cancelled checks for cargo transported by the driver and/or

truck involved in the collision for thirty (30) days prior to the date of the collision as well as the day of the collision.

42. Any other items associated in any way with the wreck, documents, database, or other piece of evidence concerning or reflecting upon the driver, the collision, the tractor-trailer, or the truck.

43. The entire personnel files of Kamaljit K. Momi involved in this collision.

44. Any and all communications via CB radio, mobile or satellite communication systems, email, cellular phone, pager or other in cab communication device to include the bills for the devices for the day before, the day of, and the two days after the collision wherever stored. We require you to put any vendor which hosts or stores this data for you on notice of the need to preserve this data.

45. Any and all computer, electronic, or e-mail messages created in the first forty eight hours immediately after the incident, by and between the defendant and any agents or third parties relating to the facts, circumstances, or actual investigation of the incident as will as any computer messages which related to this particular incident, whether generated or received by you or your agents. We require you to put any vendor which hosts or stores this data for you on notice of the need to preserve this data.

46. If not previously listed, all documents required by Federal Motor Carrier Safety Regulation 395.8, specifically those items identified in the Department of Transportation's interpretation of the regulation in its Answer to Question 10. This specifically includes fuel cards, EZ Pass data and other pre-Pass Transponder systems. We require you to put any vendor which hosts or stores this data for you on notice of the need to preserve this data.

## REQUEST FOR ADMISSIONS

Pursuant to Rule 4:22-1, et seq., plaintiff hereby demands that all defendants provide the following documents:

1. Do you admit or deny that the incident that forms the basis of this action occurred on the date and at the place referenced in the complaint?

2. Do you admit that Defendant Kamaljit K. Momi was driving a commercial tractor trailer at the time of accident?

3. Do you admit that plaintiffs are entitled to the zero threshold since they were involved in an accident with a commercial vehicle?

4. Do you admit that you were issued a summons for Careless Driving?

5. Do you admit that you pled guilty to Careless Driving stemming from accident on January 28, 2020.

6. Do you admit that your vehicle sustained property damage as a result of the accident.

7. Do you admit that the plaintiffs vehicle sustained property damage as a result of the accident.

8. Do you admit that the plaintiffs received medical attention at the scene of accident.

9. Do you admit that you saw the ambulance arrive at the scene after the accident.

10. Do you admit that there is a video recording of the accident involving both vehicles.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2 (b) demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance

16

business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. If the answer is "yes" attach a copy of each or in the alternative state, under oath or certification (a) number (b) name and address of insurer or issuer (c) inception and expiration dates (d) names and addresses of all persons insured thereunder (e) personal injury limits (f) property damage limits (g) medical payment limits (h) name and address of person who has custody and possession thereof (i) where and when each policy or agreement can be inspected and copied., (j) excess coverage, (k) concurrent coverage, (l) umbrella policies.

GINARTE, GALLARDO,
GONZALEZ & WINOGRAD, LLP
Attorneys for Plaintiffs, Ivan Marin, Carlos A. Garcia
Martinez and Domingo Miguel Gonzalez


_Michael Gallardo_
Michael A. Gallardo, Esq.

DATED: September 23, 2020

17

# Civil Case Information Statement

**Case Details: ESSEX | Civil Part Docket# L-006331-20**

Case Caption: MARIN IVAN  VS WESTERN EXPRESS, INC

Case Initiation Date: 09/23/2020
Attorney Name: MICHAEL A GALLARDO
Firm Name: GINARTE GALLARDO GONZALEZ
WINOGRAD, LLP
Address: 400 MARKET ST
NEWARK NJ 07105
Phone: 9738548400
Name of Party: PLAINTIFF : Marin, Ivan
Name of Defendant's Primary Insurance Company
(if known): Unknown

Case Type: AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)
Document Type: Complaint with Jury Demand
Jury Demand: YES - 6 JURORS
Is this a professional malpractice case?  NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO

Are sexual abuse claims alleged by: Ivan Marin? NO

Are sexual abuse claims alleged by: Carlos A Garcia-Martinez? NO

Are sexual abuse claims alleged by: Domingo Miguel Gonzalez? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? YES
    If yes, for what language:
    SPANISH,SPANISH,SPANISH

Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

# EXHIBIT B

**CONNELL FOLEY LLP**
1085 Raymond Boulevard, Nineteenth Floor
Newark, NJ 07102
Telephone: 973.436.5800
Attorneys for Defendants, Western Express, Inc., Kamaljit K. Momi, and New Horizons Leasing, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN MARIN, CARLOS A. GARCIA-MARTINEZ, and DOMINGO MIGUEL GONZALEZ,<br><br>          Plaintiffs,<br><br>vs.<br><br>WESTERN EXPRESS, INC., KAMALJIT K. MOMI, NEW HORIZONS LEASING, INC., LIBERTY MUTUAL INSURANCE COMPANY, RYDER TRUCK RENTAL, INC., JOHN and JANE DOES 1-10 (fictitious unidentified individuals) AND ABC CORPORATIONS 1-10 (fictitious individuals, corporations or other business entities presently unknown),<br><br>          Defendants. | Civil Action No.<br><br>**ANSWER TO COMPLAINT, SEPARATE DEFENSES, RESERVATION OF COUNTERCLAIM, CROSS-CLAIMS, ANSWER TO CROSS-CLAIMS, DEMAND FOR STATEMENT OF DAMAGES, JURY DEMAND, AND CERTIFICATION** |

Defendants, Western Express, Inc., Kamaljit K. Momi, and New Horizons Leasing, Inc. (collectively "Defendants"), by way of Answer to the allegations set forth in Plaintiffs' Complaint hereby say:

## VENUE

Defendants admit that Western Express, Inc., is a Tennessee corporation with its principal place of business in Nashville, Tennessee, and further that it is authorized to do business in the State of New Jersey. Defendants also admit that New Horizons Leasing, Inc., is an Iowa

corporation with its principal place of business in Nashville, Tennessee, and further that it is authorized to do business in the State of New Jersey.

Defendants lack sufficient information as to admit or deny the remainder of the allegations set forth in the Venue section of the Complaint and therefore no response is interposed thereto.

### **FIRST COUNT**

1.     Defendants lack sufficient information as to admit or deny the allegations set forth in Paragraph 1 of the First Count of the Complaint and therefore no response is interposed thereto.

2.     Defendants deny the allegations set forth in Paragraph 2 of the First Count of the Complaint.

3.     Defendants lack sufficient information as to admit or deny the allegations set forth in Paragraph 3 of the First Count of the Complaint and therefore no response is interposed thereto.

4.     Defendants lack sufficient information as to admit or deny the allegations set forth in Paragraph 4 of the First Count of the Complaint and therefore no response is interposed thereto.

5.     Defendants deny the allegations set forth in Paragraph 5 of the First Count of the Complaint.

6.     Defendants deny the allegations set forth in Paragraph 6 of the First Count of the Complaint.

7.     The allegations set forth in Paragraph 7 of the First Count of the Complaint are a conclusion of law to which no response is required.   To the extent a response is required, Defendants deny the allegations set forth in Paragraph 7 of the First Count of the Complaint.

### **SECOND COUNT**

1.     Defendants repeat each and every answer to the allegations set forth in the First Count of the Complaint and make them apart hereof as if set forth at length.

5672084-1

2.      The allegations set forth in Paragraph 2 of the Second Count of the Complaint are not directed at Defendants.  To the extent the allegations set forth in Paragraph 2 of the Second Count of the Complaint are directed at Defendants, those allegations are denied.

3.      Defendants deny the allegations set forth in Paragraph 3 of the Second Count of the Complaint.

4.      Defendants deny the allegations set forth in Paragraph 4 of the Second Count of the Complaint.

5.      The allegations set forth in Paragraph 5 of the Second Count of the Complaint are a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 5 of the Second Count of the Complaint.

## **THIRD COUNT**

1.      Defendants repeat each and every answer to the allegations set forth in the First and Second Counts of the Complaint and make them apart hereof as if set forth at length.

2.      Defendants lack sufficient information as to admit or deny the allegations set forth in Paragraph 2 of the Third Count of the Complaint and therefore no response is interposed thereto.

3.      Defendants deny the allegations set forth in Paragraph 3 of the Third Count of the Complaint.

4.      The allegations set forth in Paragraph 4 of the Third Count of the Complaint are not directed at Defendants.  To the extent the allegations set forth in Paragraph 4 of the Third Count of the Complaint are directed at Defendants, those allegations are denied.

5672084-1

## FOURTH COUNT

1.      Defendants repeat each and every answer to the allegations set forth in First, Second, and Third Counts of the Complaint and make them apart hereof as if set forth at length.

2.      Defendants lack sufficient information as to admit or deny the allegations set forth in Paragraph 2 of the Fourth Count of the Complaint and therefore no response is interposed thereto.

3.      Defendants deny the allegations set forth in Paragraph 3 of the Fourth Count of the Complaint.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

Upon information and belief, plaintiffs' Complaint fails to state a cause of action against Defendants upon which relief can be granted.

## SECOND SEPARATE DEFENSE

Upon information and belief, plaintiffs' Complaint fails to contain any facts which are sufficient to support a claim of negligence as to Defendants.

## THIRD SEPARATE DEFENSE

Upon information and belief, the injuries about which plaintiffs complain were not proximately caused by any authorized actions by Defendants and/or their employees, agents, servants or representatives.

## FOURTH SEPARATE DEFENSE

Upon information and belief, plaintiffs' right to recover damages is either barred or diminished by plaintiffs' actions under the doctrine of comparative negligence.

5672084-1

### FIFTH SEPARATE DEFENSE

Upon information and belief, plaintiffs' injuries were caused by third parties over whom Defendants had no control.

### SIXTH SEPARATE DEFENSE

Upon information and belief, Defendants breached no duty owed or owing to plaintiffs at all relevant times.

### SEVENTH SEPARATE DEFENSE

Upon information and belief, plaintiffs have wrongfully failed to mitigate their damages as required by law.

### EIGHTH SEPARATE DEFENSE

Defendants reserve the right to assert that plaintiffs' claims are barred by the applicable statute of limitations.

### NINTH SEPARATE DEFENSE

That by failing and neglecting to exercise ordinary care in making use of available seat belts, upon information and belief, plaintiffs acted unreasonably and in disregard of plaintiffs' own best interests and that all or a portion of the injuries plaintiffs sustained could have been eliminated or minimized by the exercise of reasonable conduct in using the available seat belts.

### RESERVATION OF COUNTERCLAIM UNDER N.J.S.A. 2A:15-59.1 AND/OR R. 11

Defendants hereby assert that an award of counsel fees and costs may be sought at the appropriate time due to the frivolous nature of this action.

5672084-1

## CROSS-CLAIMS

Defendants by way of Cross-Claim against the co-defendants, Liberty Mutual Insurance Company and Ryder Truck Rental, Inc. (collectively "co-defendants"), say that:

## FIRST COUNT

Defendants allege that in the event of judgment against them and in favor of plaintiffs, they will be entitled to judgment in their favor and against the co-defendants for their pro rata contribution pursuant to the provisions of the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1, et seq., and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq.

WHEREFORE, Defendants demand judgment against the co-defendants for their pro rata contribution pursuant to the provisions of the Joint Tortfeasors Contribution Law and the Comparative Negligence Act.

## SECOND COUNT

By reason of the contractual and/or common law relationship between Defendants and the co-defendants at the time of the alleged occurrence, the co-defendants are obligated to defend, indemnify, and save harmless Defendants herein.

WHEREFORE, Defendants demand judgment against the co-defendants for all costs and attorney's fees incurred in defense of this suit and for the amount of judgment which may be rendered against Defendants and in favor of plaintiff herein.

## ANSWER TO ALL CROSS-CLAIMS

Defendants deny each and every allegation and claim for relief set forth in any cross-claim for contribution and/or indemnification and asserts as defenses thereto all separate defenses plead in response to plaintiffs' Complaint.

5672084-1

## DEMAND FOR STATEMENT OF DAMAGES

Pursuant to the automatic disclosure provisions of Fed. R. Civ. P. 26(a)(1)(A)(iii), demand is hereby made that plaintiffs provide Defendants with a written statement setting forth a computation of each category of damages claimed in this action.

## JURY DEMAND

Defendants hereby demand a trial by jury.

## LOCAL CIVIL RULE 11.2

I, Matthew W. Bauer, hereby certify pursuant to Local Civil Rule 11.2, that the above-captioned matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

CONNELL FOLEY LLP
Attorneys for Defendants,
Western Express, Inc., Kamaljit K. Momi, and New
Horizons Leasing, Inc.

By: _____
        Matthew W. Bauer

Dated:   November 4, 2020

5672084-1